IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| EVELYN MONELL, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:17-cv-00022-O-BP |
| § | |
| NANCY A. BERRYHILL, § | |
| Acting Commissioner of the Social § | |
| Security Administration, § | |
| § | |
| Defendant. § | |
| § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff's Complaint (ECF No. 1), filed January 6, 2017. After considering the pleadings and applicable law, the undersigned RECOMMENDS that United States District Judge Reed O'Connor DISMISS without prejudice Plaintiff's Complaint (ECF No. 1) pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with the Court's orders.

**I.     BACKGROUND**

On January 6, 2017, Plaintiff Evelyn Monell ("Plaintiff") filed a *pro se* complaint against Nancy A. Berryhill, the Acting Commissioner of the Social Security Administration ("Defendant"). ECF No. 1. Thereafter, on March 9, 2017, Defendant filed her answer together with a certified copy of the administrative record. ECF Nos. 11, 13. On March 9, 2017, the Court issued its Order Directing Filing of Briefs (ECF No. 14) requiring that, *inter alia*, Plaintiff file a brief, within 40 days, that sets forth all of the errors which Plaintiff contends entitle her to relief. On March 16, 2017, Plaintiff requested an extension of time to file her brief. ECF No. 15. On March

17, 2017, the Court granted Plaintiff's Motion and extended the time to file her brief to May 22, 2017. ECF No. 16. The Court cautioned Plaintiff that failure to timely file a brief in compliance with the Court's Order may result in the Court recommending that her case be dismissed for want of prosecution. *Id.* Plaintiff failed to comply with the Court's Order.

On May 26, 2017, the Court again ordered Plaintiff to file a brief in accordance with the Court's previous Orders no later than June 26, 2017. ECF No. 17. The Court admonished Plaintiff that her failure to timely file a brief in compliance with the Court's Orders would result in the Court recommending dismissal of the case for want of prosecution. *Id.* Plaintiff has wholly failed to comply with the Court's Order and has neither filed a brief in accordance with the Court's Orders nor sought an extension of time to do so.

## II.    LEGAL STANDARD AND ANALYSIS

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss a claim for failure to prosecute. *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985). "Although the rule speaks of dismissal pursuant to a motion by the defendant, a district court may dismiss *sua sponte*. . . ." *Id.* (citing Fed. R. Civ. P. 41(b)). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Id.* (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626 (1962)). Dismissal pursuant to Rule 41(b) may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). However, dismissal with prejudice is an extreme sanction to be used only when the "'plaintiff's conduct has threatened the integrity of the judicial process [in a way which] leav[es] the court no choice but to deny that plaintiff its benefits.'" *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988) (quoting *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982)). "A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumaciousness

2

and the record reflects that the district court employed lesser sanctions before dismissing the action." *Long*, 77 F.3d at 880.

Plaintiff has wholly failed to comply with all Court orders directing that she file a brief in support of her claims against Defendant. "The Court is not required to delay the disposition of this case until such time, if ever, as Plaintiff decides to comply with the Court's orders and file the brief necessary for the Court to adjudicate her claims." *McMillan v. Colvin*, No. 3:12-CV-4729-N-BN, 2013 WL 5637378, at *2 (N.D. Tex. Oct. 15, 2013). Plaintiff's Complaint, in its entirety, states "denied request for review." ECF No. 1 at 1. Attached to the Complaint is a notice of Appeals Council action from the Social Security Administration, stating that it had denied review of the Administrative Law Judge (ALJ)'s decision, as well as an excerpt of the ALJ's decision. *Id.* at 2-6. Although Plaintiff appears to seek review of this decision, none of Plaintiff's filings set forth any alleged errors Plaintiff contends entitle her to relief or the specific issues she presents to the Court for review, despite the Court's admonitions to Plaintiff that her failure to comply with the Court's orders would result in dismissal of her case. Because Plaintiff has failed to follow the Court's orders, despite several opportunities to do so, the case is subject to dismissal. *Choate v. Astrue*, No. 3:13-CV-0269-L (BH), 2013 WL 12129286, at *1 (N.D. Tex. July 3, 2013), *report and recommendation adopted,* No. 3:13-CV-0269-L, 2013 WL 12129287 (N.D. Tex. July 23, 2013).

## III. CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that Judge O'Connor DISMISS without prejudice Plaintiff's Complaint (ECF No. 1) and all of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with the Court's orders.

Plaintiff is cautioned that although dismissal is without prejudice, the effect of dismissing this action for failure to prosecute and to obey the Court's orders may subject any subsequent complaint Plaintiff files regarding the claims in the instant action to a statute of limitations defense. *Dixon v. Colvin*, No. 3:15-CV-263-B-BN, 2015 WL 899019, at *1 (N.D. Tex. Mar. 3, 2015) (citing 42 U.S.C. § 405(g) (a claimant must commence a civil action seeking judicial review of a final decision of the Commissioner "within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow"); *Bowen v. City of New York*, 476 U.S. 467, 478-80 (1986) (the 60-day requirement in § 405(g) is not jurisdictional and may be waived by the parties and subject to the doctrine of equitable tolling)). Because Plaintiff's claims will likely be time-barred, the undersigned RECOMMENDS that Judge O'Connor DISMISS the case without prejudice to Plaintiff's right to reopen the case provided that Plaintiff file a motion to reopen along with a brief in support of her Complaint that complies with the Court's March 9, 2017 Order Directing Filing of Briefs (ECF No. 14) on or before 30 days from the date of Judge O'Connor's order.

A copy of this findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual

findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    Signed June 30, 2017.

                                              Hal R. Ray, Jr.
                                              UNITED STATES MAGISTRATE JUDGE